# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| FOUZIA AZIZ, § | |
| § | |
| v. § | Civil Action No. 4:18-cv-00245 |
| § | Judge Mazzant |
| FEDEX GROUND PACKAGE SYSTEM, § | |
| INC., FEDEX EXPRESS CORPORATION. § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Federal Express Corporation's Motion to Dismiss (Dkt. #6) and Defendant Federal Ground Package System, Inc.'s Motion to Dismiss (Dkt. #8). The Court, having considered the motions, the parties' briefings, and relevant pleadings, finds that Defendants motions to dismiss should be granted and the present action dismissed in its entirety.

## BACKGROUND

Defendant FedEx Ground Package System, Inc. ("FedEx Ground") operates a package pickup and delivery business. Defendant FedEx Express Corporation ("FedEx Express"), in part, provides security for the terminals from which FedEx Ground conduct operations (FedEx Ground and FedEx Express are herein referred to collectively as "Defendants"). FedEx Ground regularly partners with intermediary employers, known as Independent Service Providers ("ISPs"), to assist with package pickup and delivery. BZ Transport, Inc.; FSZ Logistics, Inc.; and Husky Tiger, Inc. (collectively, the "Ground Contractors") are ISPs and each entered into Service Provider Agreements ("ISP Agreement"), with FedEx Ground to assist in its operations. Plaintiff Fouzia Aziz is a woman of Middle Eastern ethnicity and the sole shareholder of FSZ Logistics, Inc., and the beneficial owner of both BZ Transport and Husky Tiger, Inc. Aziz alleges that Defendants engaged in various illicit conduct aimed at discriminating against her because of her race/ethnicity.

The Ground Contractors initially serviced the McKinney, Texas, area and operated out of the FedEx Ground owned and managed terminal located in Sherman, Texas. In 2017, Aziz was informed that FedEx Ground intended to transfer the Ground Contractors to its terminal in Mesquite, Texas. According to Aziz, the move placed significant pressure on the three corporations' operating costs because drivers for the Ground Contractors were now required to commute a substantial distance across busy highways in order to deliver packages from the Mesquite terminal.

On October 6, 2017, one week after BZ Transport formally moved to the Mesquite terminal, a FedEx Ground manager issued a letter to BZ Transport warning that FedEx Ground may terminate its ISP Agreement because of BZ Transport's performance. Aziz alleges that the Mesquite terminal had experienced performance problems prior to BZ Transport's transfer and that FedEx Ground's explanation was pretext for terminating the contract, which it ultimately did.

Aziz further alleges that on October 13, 2017, her husband, Sohail, received a strand of group text messages from a competing FedEx Ground contractor that referred to him or her as "the [n-word] from McKinney" and threatened to "teach them a lesson." Aziz alleges that one threat referred to the fact that the three corporations she controlled offered drivers competitive wages and stated that "dead man can't pay shit where I am from." Aziz also avers that later that evening, she received an anonymous phone call claiming that FedEx Ground planned to get rid of the Ground Contractors. Aziz subsequently informed officials at both FedEx Ground and FedEx Express about the incident, but neither took affirmative steps to remedy the situation and brushed off the incident as it "looked like some buddies got drunk and had some fun." Aziz lastly alleges that FedEx Ground awarded part of the territory formerly belonging to BZ to a company owned by the employee of the competing contractor who sent the text messages.

2

On June 8, 2018, Aziz filed an amended complaint (Dkt. #2) against FedEx Ground and FedEx Express in the United States District Court for the Eastern District of Texas alleging violations of 42 U.S.C. §§ 1981, 1982, 1985(3), and 1986. The gravamen of the complaint is that Defendants individually, and collectively in a conspiracy, acted to deny her the full and equal benefit and protection of the laws because of her race/ethnicity and gender. On June 28, 2018, FedEx Ground and FedEx Express each filed motions to dismiss (Dkt. #8 and Dkt. #6, respectively). On July 12, 2018, Aziz filed a response (Dkt. #10) to Defendants' motions to dismiss. On July 19, 2018, FedEx Express filed a reply to Aziz's response (Dkt. #12). On July 20, 2018, Aziz filed a sur-reply (Dkt. #13).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial

3

plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Aziz alleges that Defendants violated §§ 1981, 1982, 1985(3), and 1986. The Court addresses these arguments in turn.

**42 U.S.C. §§ 1981 and 1982 Discrimination Claims**

Section 1981 provides, in pertinent part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To assert a violation of § 1981, a plaintiff must allege "(1) that she is a member of a racial minority; (2) that [the defendant] had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *See Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001). Here, Aziz easily satisfies the first element by alleging that she is of Middle Eastern ethnicity. The latter two, however, are more arguable. As for the third element, Aziz alleges that Defendants' discrimination denied her the right to make and enforce contracts and to the full and equal benefit of the laws and proceedings for the security of persons and property (the "Contact Clause" and "Full and Equal Benefit Clause," respectively).

In regards to the Full and Equal Benefit Clause, Aziz avers, in part, that Defendants discriminatory treatment of the Ground Contractors denied her the full and equal benefit of the laws and proceeding for the security of her "interest" in the Ground Contractors. This is identical to her claim brought under § 1982, which provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." Aziz contends that Defendants discriminatory conduct interfered with her right to hold and convey her "interest" in the Ground Contractors. The Court will therefore discuss these sections jointly.[1]

---

[1] The Court notes that the Fifth Circuit has not articulated the scope of the Full and Equal Benefit Clause or expressly recognized it as a stand-alone provision. The Fifth Circuit has stated that § 1982 offers the same protection as afforded by § 1981, except §1982 concerns the "rights related to the ownership of property." *Zastrow v. Houston Auto Imports Greenway Ltd.*, 789 F.3d 553, 563 (5th Cir. 2015).

5

## A. Contract Clause

Aziz contends that racial animus motivated Defendants to cancel the ISP Agreement with BZ Transport and thus deprived her—the sole and beneficial owner of the Ground Contractors—of the "same right to make and enforce contracts." Defendants argue that Aziz lacks standing to sue under the Contract Clause because Aziz alleges injuries that belong to the Ground Contractors and not Aziz in her personal capacity. The Court agrees.

"To establish the "irreducible constitutional minimum" of standing, a plaintiff must show, among other things, that it has suffered an "injury in fact," which the United States Supreme Court has described as "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Grambling Univ. Nat'l Alumni Ass'n v. Bd. of Supervisors*, 286 F.App'x. 864, 869–70 (5th Cir. 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 566 (1992)). Here, Aziz fails to establish standing under the Contract Clause because the harm stems from an ISP Agreement between FedEx Ground and BZ Transport, and therefore any injury belongs to the corporation and not to Aziz in her personal capacity.

This point is admittedly blurred because as the sole shareholder of BZ, any injury to the individual corporation is, in essence, intertwined with Aziz.[2] The Supreme Court, however, explained the importance of distinguishing the rights of a corporation from its sole shareholder in actions brought under § 1981. *See Domino's Pizza, Inc. v. McDaniel*, 546 U.S. 470, 477 (2006). In *Domino's*, a corporation's sole shareholder filed a § 1981 action in his personal capacity alleging that a third party's breach of a contract between that third party and the corporation violated the sole shareholder's individual civil rights. *Id.* The *Domino's* Court impressed that "[a]ny claim

---

[2] Aziz concedes that she, in her individual capacity, is not a party to the contract between BZ Transport and FedEx Ground.

brought under § 1981, therefore, must initially identify an impaired 'contractual relationship,' . . . under which the plaintiff has rights." *Id*. at 476. The Supreme Court went on to hold that an individual shareholder's claims were not cognizable because "fundamental corporation and agency law" provides "that the shareholder and contracting officer has no right and is exposed to no liability under the corporation's contracts." *Id*.; *See also Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017); *Searcy v. Hous. Lighting & Power Co.*, 907 F.2d 562, 565 (5th Cir. 1990) (holding that the plaintiff–sole shareholder of company did not have standing to bring his individual § 1981 claim because the alleged discrimination would only impair the contractual rights of the corporation and not the plaintiff's personal rights).

The Court notes that Aziz's response (Dkt. #10) to Defendants' present motions to dismiss suggests that she did not intend to bring a claim under the Contract Clause. Aziz's live pleadings, however, suggests the contrary. *See* Plaintiff's First Amended Complaint (Dkt. #2) at 11 ("FedEx Ground and FedEx Express Corporation's discriminatory actions, which were based upon a racial/ethnic discriminatory animus and gender animus, denied Fouzia the same right to make and enforce contracts, *and* to the full and equal benefit of the laws, this constituting a violation of 42 U.S.C. Section 1981."). Thus, in the interest of completeness, the Court finds that Aziz does not have standing to sue under § 1981's Contract Clause premised on a contract between FedEx Ground and BZ Transport, of which Aziz was not a party. This does not end the Court's inquiry because Aziz alleges that Defendants also violated the Full and Equal Benefit Clause and §1982. The Court turns to this argument

### B. Full and Equal Benefits Clause and § 1982

Aziz avers that Defendants discriminatory treatment of the Ground Contractors denied her the full and equal benefit of the security of her property—her "interest" in the corporations—and

7

the racially charged and threatening text messages that her husband received denied her the full and equal benefit of the laws and proceedings for security of her persons—her right to be free from harassment. Defendants respond that Aziz's claims should be dismissed because: (1) the Full and Equal Benefit Clause can only be violated by state action, and (2) Aziz has not specified a qualifying law or proceeding for the security of persons or property of which Defendants denied her full and equal benefit.

### i. State or Private Action

There is a Circuit split as to whether an action brought under the Full and Equal Benefit Clause requires state action or can be violated by a private actor. The Second Circuit and Sixth Circuit have held that a plaintiff who brings a claim under § 1981's Full and Equal Benefit Clause need not allege state action. *See Chapman v. Hygbee Co.*, 319 F.3d 825, 843 (6th Cir. 2003) (en banc); *Phillip v. Univ. of Rochester*, 316 F.3d 291, 294 (2d Cir. 2003); *see generally Mahone v. Waddle*, 564 F.2d 1018, 1029–30 (3d Cir. 1977). These Courts based their rationale, in large part, on the legislative history of the statute and, specifically, Congress adding subsection (c). Section 1981 was originally passed as § 1 of the 1866 Civil Rights Act and included only subsection (a) of what is now § 1981. In 1991, Congress added subsections (b) and (c) which state:

> (b) "Make and enforce contracts" defined
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
> (c) Protection against impairment
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981(b)–(c).

Although it seems straightforward that subsection (c) authorizes that all the rights afforded by subsection (a) are protected against impairment by private actors, the Fourth Circuit and Eighth

Circuit have maintained that actions brought under the Full and Equal Benefit Clause must allege state action, and the Third Circuit has alluded to similar rationale in dicta. *See Shaare Tefila Congregation v. Cobb*, 785 F.2d 523, 524–25 (4th Cir. 1986), *rev'd on other grounds*, 481 U.S. 615 (1987); *Bilello v. Kum & Go, LLC*, 374 F.3d 656, 661 (8th Cir. 2004); *Adams ex rel. Harris v. Boy Scouts of Am.-Chickasaw Council*, 271 F.3d 769, 777 (8th Cir. 2001); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 838 (8th Cir. 2004); *Elmore v. Harbor Freight Tools USA, Inc.*, 844 F.3d 764, 765 (8th Cir. 2016).[3] These Courts have reasoned that "because the state is the sole source of the law, it is only the state that can deny the full and equal benefit of the law." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). Further, the Circuits have expressed concerns that allowing claims of this nature to go forward would federalize tort law and open the floodgates for litigation brought under § 1981. *See Chapman*, 319 F.3d at 833.

There is also a split exists among district courts in this Circuit. *Compare Muick v. Wicks*, No. 3:01–CV–0130–M, 2001 WL 1006059, at *4 (N.D. Tex. July 24, 2001) ("absent state action, Plaintiff's Section 1981 claim [under the full and equal benefit clause] is untenable and as a result, it is frivolous") *with Vietnamese Fishermen's Association v. Knights Of The Ku Klux Klan*, 518 F. Supp. 993, 1016 (S.D. Tex. 1981), *and E.C. ex rel. Chatman v. Mississippi High Sch. Athletics Ass'n*, 868 F. Supp. 2d 563, 569 (S.D. Miss. 2012).

The present action, however, does not dictate that the Court decide whether the Full and Equal Benefit Clause requires state action because Aziz does not allege a plausible § 1981 claim in either instance. First, and most obvious, if the Full and Equal Benefit Clause requires state action, Aziz's claim fail as a matter of law because it has neither been alleged nor are there facts that suggest Defendants are state actors or acting under the color of the law. Even assuming the

---

[3] The Eight Circuit is the only one to do so after the Congressional amendments in 1991 which added subsection (b) and (c).

Full and Equal Benefits Clause encompasses discriminatory conduct of private actors, Aziz fails to identify a specific law or proceeding of which Defendants denied her the full and equal benefit. Aziz further fails to allege a cognizable property right.

>    ii.   **Aziz Fails to Allege a Specific Law or Proceeding of which She was Denied the Full and Equal Benefit**

The Circuits that have allowed plaintiffs to maintain claims under § 1981's Full and Equal Benefit Clause premised on private discrimination have required that the plaintiff allege a specific law or proceeding for the security of her person or property that she has been denied full and equal benefit. Opponents of the inclusion of private action argue that such an inclusion would federalize tort law by allowing a plaintiff to allege a violation of § 1981 anytime a state tort was committed with alleged racial animus and open a floodgate of tort claims brought under § 1981. The Sixth Circuit in *Chapman* rebuffed this contention and explained that the inclusion of private activity would not open a "floodgate" because:

> The equal benefit clause may only be invoked when one party denies another the "full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a) (emphasis added). the "full and equal benefits" clause The "security of persons and property" language limits the potential class of cases that may be brought under the equal benefit provision. A litigant must demonstrate the denial of the benefit of a law or proceeding protecting his or her personal security or a cognizable property right.

*Chapman*, 319 F.3d at 832. The Second Circuit similarly held that:

> Finally, we believe that any necessary safeguard against overuse of the equal benefit clause's protections is found in the words of the statute. Prospective plaintiffs first must prove a racial animus, not an easy task in itself; second must identify a relevant law or proceeding for the "security of persons and property;" and finally must persuade a fact-finder or the court that defendants have deprived them of "the full and equal benefit" of this law or proceeding.

*Phillip*, 316 F.3d at 298.

10

It is therefore clear that for Aziz to allege the denial of the benefit of a law or proceeding protecting her personal security or property right, she must identify such a law or proceeding, right of her persons, and cognizable property right. To this end, Aziz avers that Defendants discriminatory treatment of the Ground Contractors denied her the full and equal benefit of the security of her property—her "interest" in the corporations—and the racially charged and threatening text messages her husband received denied her the full and equal benefit of the laws and proceedings for security of her persons—her right to be free from harassment. The Court, however, agrees with Defendants that Aziz's allegations do not support either contention.

Defendants' alleged discriminatory conduct can be classified into two categories: (1) actions against the Ground Contractors and (2) actions against Aziz, personally. The majority of Defendants' discriminatory conduct belongs in the first group and only the allegations regarding the offensive and threatening text messages fall into the latter. For example, allegations that Defendants terminated the ISP Agreements, transferred the Ground Contractors to a farther terminal, and treated other contractors' employees more favorably were directed at the individual Ground Contractors. While the text messages referring to Aziz and/or her husband by racially derogatory names and threatening their lives are, undoubtedly, personal to Aziz.

The Court first considers Aziz's assertion that Defendants discriminatory conduct against the Ground Contractors interfered with her respective interests in the corporations. The Fifth Circuit has held that a corporation may have a racial-minority identify for the purpose of bringing a § 1981 claim. *See Body by Cook*, 869 F.3d at 386 ("Plaintiffs adequately plead the first element of a § 1981 claim by alleging that Body by Cook is a '100% African American-owned body shop.'"). Thus, there is a subtle, yet crucial, distinction as to whether Defendants discriminated against Aziz because of her race, or whether Defendants discriminated against the Ground

11

Contractors because they have a minority identify due to the fact that their sole shareholder—Aziz—is a racial minority. Aziz's allegations as pleaded and taken as true, show that Defendants discriminated against the Ground Contractors because they have a minority identity. This finding is dispositive on Aziz's claim because with the corporations being the target of Defendants' discrimination, Aziz cannot satisfy the second element required to assert a § 1981 claim—that Defendants intended to discriminate against her on the basis of race.

Even if Aziz could properly allege intent, which the facts do not suggests is plausible, she neither specifies a cognizable property right nor a law or proceeding protecting that right. Aziz's contention that her "interest" in the corporation as a property right is insufficient. First, Aziz fails to define what she understands to be her "interest." And even construing "interest" in the light most favorable to Aziz, it would seem that any interest would belong to Aziz in her capacity as a shareholder and therefore to the corporation. Further, Aziz does not identify a law or proceeding of which she has been denied the full and equal benefit. The Court cannot not possibly decipher whose rights, if anyone's, have been violated if Aziz does not identify what law has been invoked. That is, if the law or proceeding implicates the Ground Contractors, then Aziz, in her individual capacity, would not have standing to sue. Aziz similarly fails to allege a plausible § 1982 claim. As noted above, Aziz claim brought under § 1982 is identical to her claim under the Full and Equal Benefit Clause. Therefore, for the same reasons stated herein, the Court Aziz fails to allege a plausible § 1982 claim—that Defendants discriminatory conduct interfered with her right to hold and convey property.

The Court now considers the racially charged and threatening text messages. Generally, allegations of such threatening behavior are sufficient to allege a violation of the Full and Equal Benefit Clause as they deprive a person of the security of their person. The Court, however, cannot

find that the text messages are attributable to Defendants. By Aziz's own admission, the threatening text messages were sent by a competing contractor and only the "recipients of the group texts may have included persons directly employed by FedEx Ground, or such persons may have been privy to the group text at the time that they were sent." The only allegations personally affecting Aziz and attributable to Defendants is that Aziz informed Defendants of the text messages and they took no affirmative actions in response. Without more, however, these allegations, taken as true, are insufficient to find that Defendants denied Aziz the full and equal benefit of the right to be free from harassment.

The Court does not find that Aziz has adequately alleged a deprivation of a law or proceeding for the security of persons and property. Aziz's allegations, taken as true and in the light most favorable to her, at most, are likely sufficient to assert a plausible claim that Defendants discriminated against the Ground Contracts. Nevertheless, this issue is not in front of the Court. As for the text messages, the Court is of no doubt that such vile and repulsive statements have no place in our society, and credible threats of violence made against someone because of their racial background should be handle firmly and judiciously. The Court, however, cannot find that that Aziz's allegations warrant that Defendants be held liable under § 1981 for actions not of their own.

**42 U.S.C. § 1985(3) Conspiracy Claims and § 1986 Claims**

Section 1985(3) prohibits conspiracies to deprive any person equal protection of the laws. 42 U.S.C. § 1985(3); *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010). "To state a claim under § 1985(3), a plaintiff must allege facts demonstrating (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States." *Body by Cook*, 869 F.3d at 389 (citing *Lockett*, 607 F.3d at 1002).

13

Complimentary, § 1986 provides a cause of action against a party that neglected to prevent the interference with civil rights under § 1985(3). Similar to her other claims of discrimination, Aziz fails to plead facts suggesting a conspiracy to deprive her—and not the Ground Contractors—of the equal protection of the law or any injuries. As pleaded, any alleged conspiracy is directed to the corporations and not against Aziz in her individual capacity. Thus, Aziz fails to assert a plausible claim under § 1985(3). Further, the Court therefore agrees with Defendants that Aziz necessarily fails to allege a plausible § 1986 claim because it is predicated on an unsupported § 1985(3) violation.

**Aziz's Request to Further Amend Complaint**

In her response (Dkt. #10), Aziz requests leave to amend her complaint if the Court finds, as it does, that she failed to allege plausible claims. The decision whether to grant a motion to amend is within the Court's discretion. *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). The Court is guided by the limitation in Rule 15(a)(2) which states that "leave shall be freely given when justice so requires." *See Jacobsen*, 133 F.3d at 318. The factors which the Court may consider include undue delay, bad faith or dilatory motive, repeated failure to correct deficiencies through previous amendments, undue prejudice to the nonmoving party, and futility of the amendment. *Id*. (quoting *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996). If the amended pleading will be subject to dismissal, the Court may consider the amendment to be futile and deny leave to amend. *Fed. Deposit Ins. Corp. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994). On April 9, 2018, Aziz filed her original complaint (Dkt. #1). On June 8, 2018, Aziz filed her First Amended Complaint (Dkt. #2). Aziz now requests leave to file a second amended complaint; the Court, however, finds that any further amendments would be futile. As the Court has detailed herein, Defendants conduct is directed to the Ground Contractors. There are insufficient

allegations of discrimination that are attributable to Defendants and suggest that they discriminated against Aziz, in her personal capacity.

## CONCLUSION

It is therefore **ORDERED** that Defendant Federal Express Corporation's Motion to Dismiss (Dkt. #6) and Defendant Federal Ground Package System, Inc's Motion to Dismiss (Dkt. #8) are **GRANTED.** It is further **ORDERED** that all claims against Defendant Federal Express Corporation and Defendant Federal Ground Package System, Inc. are **DISMISSED WITH PREJUDICE**. All relief not granted herein is **DENIED.** The Clerk is directed to close this civil action.

**SIGNED this 14th day of February, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE